Marc S. Strecker (SBN: 140644)
marc.strecker@sbcglobal.net
STRECKER LAW OFFICES
2600 Michelson Drive, Suite 1700
Irvine, California 92612
Telephone: (949) 852-3600
Facsimile: (949) 861-9696

Attorneys for Plaintiffs
Churee Haley and Rojelio Serrano

Frank C. Rothrock (SBN: 54452)
frothrock@shb.com
Darolyn Y. Hamada (SBN: 192334)
dhamada@shb.com
Brian P. Ziska (SBN: 272043)
bziska@shb.com
SHOOK, HARDY & BACON L.L.P.
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone: (949) 475-1500
Facsimile: (949) 475-0016

Attorneys for Defendant Pfizer Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUREE HALEY, an individual and ROJELIO SERRANO, and individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC., a Delaware corporation; PFIZER, INC., a Delaware corporation; and DOES 1-200, inclusive,<br><br>Defendants. | Case No. 8:16-cv-00546-JLS-E<br><br>Judge: Hon. Josephine L. Staton<br>Ctrm.: 10A<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>*DISCOVERY MATTER*<br><br>[Filed concurrently with Stipulation for Protective Order]<br><br>Complaint filed: February 22, 2016 |

346983 V1

1        This is a product liability case involving Nifedipine, an FDA-approved
2   prescription drug.  To expedite the flow of discovery material; facilitate the prompt
3   resolution of disputes over confidentiality, and to adequately protect material entitled
4   to be kept confidential, such as trade secrets, proprietary information, confidential
5   research or development, medical records, and other Confidential Information and
6   documents, plaintiffs Churee Haley and Rojelio Serrano and defendant Pfizer Inc.
7   ("Pfizer") have stipulated, and IT IS HEREBY ORDERED THAT the following
8   provisions shall govern the documents, materials or other things or portions thereof
9   (and the information contained therein) produced in discovery by any party to this
10  litigation:

11       1.    The following definitions shall apply to this Protective Order of
12  Confidentiality (hereinafter "Order"):

13            a)    "Party" shall mean a party to this action, any employee of such
14  party, and any counsel for such party.

15            b)    "Confidential Information" shall mean all documents, materials, or
16  other things, or portions thereof (and the information contained therein) that are
17  designated by any party with the following:  "CONFIDENTIAL", as well as all
18  medical records produced or obtained during the course of discovery or
19  otherwise.

20            c)    Deposition testimony and deposition exhibits will be treated as
21  "CONFIDENTIAL" for 30 days after completion of each deposition.  After
22  expiration of this 30-day period, only testimony and exhibits, or portions of
23  exhibits, specifically identified by page and line number by a party will be
24  deemed "CONFIDENTIAL."

25
26
27
28

2

346983 V1

Case 8:16-cv-00546-JLS-E   Document 33-1   Filed 09/26/16   Page 3 of 15   Page ID #:234

d)      "Receiving party" shall mean any party (including the party's counsel) or any consultant or other person to whom Confidential Information is furnished.

e)      "Disclose" shall mean to reveal, provide, describe, make known or allow to be made known to any person Confidential Information.

f)      "Person" shall mean any natural person or any business, legal, or governmental entity or association.

g)      "Attorney" or "counsel" includes all members, partners, and employees of the attorney or counsel or law firm of which the attorney or counsel is a member, partner or employee.

2.      The following procedures shall apply to designated documents subject to this Order and disputes arising from such a designation:

a)      With the exception of medical records, designation of documents as confidential shall be made by affixing to the document the following "Confidential Legend": "CONFIDENTIAL".

The Confidential Legend shall be affixed to each page of material to be designated, but shall not obscure any part of the text. A designation shall subject the document, and its  contents, to this Order without any further action on the part of the person desiring confidentiality.  The inadvertent failure to stamp a document, or portion thereof, with the  Confidential Legend in no way alters or waives the protected and confidential nature of the document and does not remove it from the scope of this Order.  Further, all parties agree that they will not seek to use Confidential Information containing the Confidential Legend at trial, but will permit the producing party or its counsel to substitute clean copies for use only at trial to be returned to the producing party or its counsel thereafter.

3

b)      Any party may designate any document, material, other thing, or portions thereof (and the information contained therein) as Confidential Information.

c)      If a party in good faith disagrees with a confidential designation made by the other party, said party shall inform counsel that made the confidential designation in writing of said disagreement within thirty (30) days of said party's counsel's receipt of such a designation.

d)      Upon written notice of such disagreement over a designation(s), counsel will confer in an effort to resolve the dispute without Court intervention.

e)      If, after conferring, counsel cannot resolve the dispute, either party may move for a determination by the Court as to the appropriateness of the "Confidential" designation, in accordance with all applicable discovery rules.

f)      Each document, material, or other thing, or portions thereof (and the information contained therein) designated as Confidential Information shall retain that designation and shall remain subject to the terms of this Order until such time, if ever, that the Court renders a decision that a particular document, material, or other thing, or portions thereof (and the information contained therein) is not subject to this Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

3.      All confidential documents, materials, or other things, or portions thereof (and the information contained therein), shall be used only for the purposes of this case, including trial and preparation for trial, shall not be used for any other purpose, including other litigation (except as allowed by applicable rules of evidence), and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Order, or by determination of the Court.

4

346983 V1

a)     Except as otherwise provided herein, Confidential Information may be disclosed by the receiving party only to:

(1)     counsel for the parties to this action who are actually engaged in the conduct of this lawsuit;

(2)     any witness or potential witness for the purpose of conducting an examination of such witness during a trial or deposition or for the purpose of preparing such witness for the trial examination or deposition or interviewing such witness or potential witness, subject to the conditions set forth in paragraph 4(b), *infra*;

(3)     the Court and any employee thereof; and

(4)     any expert retained or consulted by a party for the purpose of obtaining such expert's advice or opinion regarding any issue in this litigation, but only to the extent necessary for the expert to provide such advice or opinion and subject to the conditions set forth above.

b)     Before disclosing Confidential Information (other than to the Court), the receiving party shall ensure that the intended recipient of such disclosure has:

(1) been provided a copy of this Order; and

(2) executed an Acknowledgment and Agreement to Be Bound in the form attached hereto as **Exhibit A**. Prior to such disclosure, the receiving party or its counsel shall prepare and maintain in a log the name, address, place of employment, and employment capacity of each such person who is to receive such information and shall maintain said log for five (5) years following termination of this action and exhaustion of all appeals relating thereto, together with a copy of the Acknowledgment and Agreement to Be Bound (in the form attached hereto as Exhibit A) executed by that person. Counsel for the receiving

5

346983 V1

1    party agrees to notify the receiving party, other members of counsel's

2    firm, and counsel's firm's regular employees of this Order and such

3    persons' obligations to abide by the terms of such Order. Nothing herein

4    shall be deemed to restrict in any manner any party's use of its own

5    documents or materials.

6    c)    Any person to whom Confidential Information is disclosed by the

7    receiving party or by any person who obtains such Confidential Information

8    from the receiving party, except the Court and its personnel, shall be bound by

9    the provisions of this Order and is subject to all appropriate sanctions and

10   remedies for any violation hereof.

11   d)    Without written permission from the producing party or a Court

12   Order secured after appropriate notice to all interested persons, a party may not

13   file in the public record in this action any Confidential Information. A party

14   from whom permission is sought shall not delay or withhold permission without

15   good cause. A party that seeks to use or refer to any Confidential Information

16   in any pleading, motion, brief or other paper filed with the Court must comply

17   with Civil Local Rule 79-5. Pursuant to Civil Local Rule 79-5, a sealing order

18   will issue only upon a request establishing that the Confidential Information at

19   issue is privileged, protectable as a trade secret, or otherwise entitled to

20   protection under the law. If filed in the public record, such information shall be

21   marked with the confidential legend in accordance with paragraph 1(b), *supra*,

22   and any such document shall be filed under seal with the following legend:

23   FILED UNDER SEAL in accordance with the Protective

24   Order entered by the United States District Court for the

25   Central District of California, No. 8:16-cv-00546 JLS.

26   e)    The receiving party will use reasonable efforts to limit the

27   disclosure of Confidential Information to the minimum number of persons

28

6

346983 V1

1    necessary to conduct this litigation and shall avoid unnecessary photocopying

2    of such Confidential Information. If a receiving party makes a copy of any

3    document, material, or other thing, or portions thereof (and the information

4    contained therein) produced by any party, said copy shall have the protective

5    legend in accordance with paragraph 1(b), *supra*, provided that the document

6    was designated as Confidential Information.

7        f)      Notwithstanding any other provisions of this Order, no documents,

8    materials, or other things, or portions thereof (and the information contained

9    therein) produced pursuant to this Order shall be disclosed to someone who the

10    party should reasonably know is an employee or consultant of any other

11    business entity engaged in the research, development, manufacturing, or

12    distribution of any pharmaceutical, biologic, medical device, or other FDA-

13    regulated product, unless ordered by the Court.

14        4.      Pfizer and plaintiffs each have the right to have persons, including

15 security personnel, present in the inspection room at all times during the other party's

16 inspection of documents, materials, or other things, or portions thereof (and the

17 information contained therein) produced pursuant hereto. The parties shall provide

18 reasonable advance notice of the names of all individuals who will attend such

19 inspections. The number of persons present during this process is limited to those

20 necessary to adequately facilitate inspection and review of documents, and any such

21 persons must comply with the terms of this Order. The original documents, materials,

22 or other things, or portions thereof (and the information contained therein) produced

23 under the terms of this Order shall remain in the custody and control of the producing

24 party at all times but may be inspected if questions arise from a review of copies of

25 the originals.

26        5.      Within 60 days after the final disposition of this case, the receiving party

27 shall exercise reasonable best efforts to ensure that all Confidential Information and

28

7

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 8:16-CV-00546-JLS-E

346983 V1

1    copies of Confidential Information shall either: (1) be returned and surrendered to the

2    producing party or person; or (2) be destroyed. Final disposition shall be taken and

3    construed as the entry of a final, non-appealable order disposing of this case. Upon

4    such final disposition, counsel of record for the receiving party shall notify counsel for

5    the producing party of such return and surrender, or certify to counsel for the

6    producing party that such Confidential Information has been destroyed. Counsel for

7    the receiving party shall make a reasonable effort to retrieve or request any document,

8    material, or other thing, or portions thereof (and the information contained therein) or

9    information subject to this Order from any party or non-party witness to whom such

10    information has been given, and shall notify in writing counsel for the producing party

11    of the failure to retrieve any such information, the reasons therefore, and the identity

12    of the person from whom the document, material, or other thing, or portions thereof

13    (and the information contained therein) or information could not be retrieved. Such

14    notification shall identify any document, material, or other thing, or portions thereof

15    (and the information contained therein) not returned or certified destroyed.

16       6.    Each Party or Non-Party that designates information or items for

17    protection under this Order must take care to limit any such designation to specific

18    material that qualifies under the appropriate standards. The Designating Party must

19    designate for protection only those parts of material, documents, items, or oral or

20    written communications that qualify – so that other portions of the material,

21    documents, items, or communications for which protection is not warranted are not

22    swept unjustifiably within the ambit of this order.

23       Mass, indiscriminate, or routinized designations are prohibited. Designations

24    that are shown to be clearly unjustified or that have been made for an improper

25    purpose (e.g., to unnecessarily encumber or retard the case development process or to

26    impose unnecessary expenses and burdens on other parties) expose the Designating

27    Party to sanctions. If it comes to a Designating Party's attention that information or

28

8

346983 V1

Case 8:16-cv-00546-JLS-E Document 33-1 Filed 09/26/16 Page 9 of 15 Page ID #:240

1   items that it designated for protection do not qualify for protection, that Designating

2   Party must promptly notify all other parties that it is withdrawing the mistaken

3   designation.

4        7.    Unless otherwise ordered by the court or permitted in writing by the

5   Designating Party, a Receiving Party may disclose any information or item designated

6   "CONFIDENTIAL" only to:

7        a)    the Receiving Party's Outside Counsel of Record in this action, as

8   well as employees of said Outside Counsel of Record to whom it is reasonably

9   necessary to disclose the information for this litigation and who have signed the

10  "Acknowledgment and Agreement to Be Bound" that is attached hereto as

11  Exhibit A;

12       b)    the officers, directors, and employees (including House Counsel)

13  of the Receiving Party to whom disclosure is reasonably necessary for this

14  litigation and who have signed the "Acknowledgment to Be Bound"

15  (Exhibit A);

16       c)    Experts (as defined in this Order) of the Receiving Party to whom

17  disclosure is reasonably necessary for this litigation and who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19       d)    the court and its personnel;

20       e)    court reporters and their staff, professional jury or trial consultants,

21  mock jurors, and Professional Vendors to whom disclosure is reasonably

22  necessary for this litigation and who have signed the "Acknowledgment and

23  Agreement to Be Bound" (Exhibit A);

24       f)    during their depositions, witnesses in the action to whom

25  disclosure is reasonably necessary and who have signed the "Acknowledgment

26  and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

27  Designating Party or ordered by the court. Pages of transcribed deposition

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 8:16-CV-00546-JLS-E

346983 V1

1  testimony or exhibits to depositions that reveal Protected Material must be

2  separately bound by the court reporter and may not be disclosed to anyone

3  except as permitted under this Stipulated Protective Order;

4        g)  the author or recipient of a document containing the information or

5  a custodian or other person who otherwise possessed or knew the information.

6      8.  If a Party is served with a subpoena or a court order issued in other

7  litigation that compels disclosure of any information or items designed in this action

8  as "CONFIDENTIAL," that Party must:

9        a)  promptly notify in writing the Designating Party. Such notification

10  shall include a copy of the subpoena or court order;

11        b)  promptly notify in writing the party who caused the subpoena or

12  order to issue in the other litigation that some or all of the material covered by

13  the subpoena or order is subject to this Protective Order. Such notification

14  shall include a copy of this Stipulated Protective Order; and

15        c)  cooperate with respect to all reasonable procedures sought to be

16  pursued by the Designating Party whose Protected Material may be affected.

17      If the Designating Party timely seeks a protective order, the Party served with

18  the subpoena or court order shall not produce any information designated in this

19  action as "CONFIDENTIAL" before a determination by the court from which the

20  subpoena or order issued unless the Party has obtained the Designating Party's

21  permission. The Designating Party shall bear the burden and expense of seeking

22  protection in that court of its confidential material – and nothing in these provisions

23  should be construed as authorizing or encouraging a Receiving Party in this action to

24  disobey a lawful directive from another court.

25      9.  This Order shall remain in full force and effect, and each person subject

26  to this Order shall continue to be subject to the jurisdiction of this Court, for the

27  purpose of enforcement of the terms of this Order, even after termination of the

28

10

346983 V1

1 | lawsuit. The Court shall not be divested of the power to enforce the terms of this

2 | Order as to any persons subject to the terms of this Order by the conclusion of this

3 | case, or by the filing of a notice of appeal or other pleading that arguably has the

4 | effect of divesting this Court of jurisdiction of this matter generally.

5 | 10. All counsel shall at all times keep secure all notes, abstractions, or other

6 | work product derived from or containing Confidential Information, shall be obligated

7 | to maintain the confidentiality of such work product, and shall not disclose or reveal

8 | the contents of said notes, abstractions, or other work product after the documents,

9 | materials, or other things, or portions thereof (and the information contained therein)

10 | and information are returned and surrendered.

11 | 11. A party may assert a claim of confidentiality as to any document,

12 | material, other thing, or portions thereof (and the information contained therein) by

13 | designating it as Confidential Information. Documents, materials, or other things

14 | entitled to be kept confidential include those related to medical records, trade secrets,

15 | proprietary information, and confidential research or development. Nothing herein

16 | shall (a) prevent the producing party from disclosing any confidential document,

17 | material, or other thing, or portions thereof (and the information contained therein)

18 | that it has produced to any other person; or (b) otherwise restrict the use of such

19 | documents, materials, or other things, or portions thereof (and the information

20 | contained therein) by the producing party. Such disclosure shall not be deemed to

21 | waive or otherwise modify the protection or confidentiality provided herein.

22 | 12. The parties shall negotiate in good faith prior to making any motion

23 | relating to any violation or alleged violation of this Order. Any party may expressly

24 | waive in writing the applicability of any provision of this Order to any information,

25 | document, material, or other thing, or portions thereof (and the information contained

26 | therein) that any party produces. Such waiver will apply only to the information,

27 | document, material, or other thing, or portions thereof (and the information contained

28 |

11

346983 V1

1   therein) to which the applicability of any provision of this Order is expressly waived.

2   A partial waiver as to certain information, document, material, or other thing, or

3   portions thereof (and the information contained therein) does not constitute a waiver

4   as to the remainder of such information or document, material, thing, or other thing, or

5   portions thereof (and the information contained therein). Any motion relating to any

6   violation or alleged violation of this Order must be made in strict compliance with

7   Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

8       13.    Each person examining the produced materials or to whom any of the

9   contents thereof are disseminated hereby agrees to be subject to the jurisdiction of this

10  Court for appropriate proceedings in the event of any violation or alleged violation of

11  this Order.

12      14.    By stipulating to the entry of this Protective Order no Party waives any

13  right it otherwise would have to object to disclosing or producing any information or

14  item on any ground not addressed in this Stipulated Protective Order. Similarly, no

15  Party waives any right to object on any ground to use in evidence of any of the

16  material covered by this Protective Order.

17      15.    The parties recognize that when large volumes of documents are

18  provided to the requesting party's counsel for preliminary inspection and designation

19  for copying, these documents may have not yet been reviewed for confidentiality

20  purposes, and the producing party reserves the right to designate documents after they

21  are designated by the requesting party for copying. During the preliminary inspection

22  process, all documents reviewed by the requesting party's counsel shall be treated as

23  Confidential Documents.

24      16.    Pursuant to Federal Rule of Evidence 502(d), disclosure of information

25  protected by the attorney-client privilege, work product doctrine, or other applicable

26  privilege or protection in this litigation (collectively, "privileged information") shall

27  not constitute a waiver of any valid claim of privilege, and failure to assert a privilege

28

12

346983 V1

1  in this litigation as to one document or communication shall not be deemed to

2  constitute a waiver of the privilege as to any other document or communication

3  allegedly so protected, even involving the same subject matter.

4      17.    If a party discovers that it has produced privileged information, that party

5  may give notice to the receiving party and request its return.  Upon agreement, the

6  privileged document, together with all copies thereof and any notes made therefrom,

7  shall be returned within 15 days to the party, and the receiving party shall not use such

8  information for any purpose.

9      18.    When a producing party gives notice to a receiving party that certain

10 inadvertently produced material is subject to a claim of privilege or other protection,

11 the obligations of the receiving party are those set forth in Federal Rule of Civil

12 Procedure 26(b)(5)(B).  If a receiving party discovers an apparent inadvertent

13 disclosure of privileged information by a producing party, a receiving party shall take

14 reasonable steps to notify the producing party that privileged information has been

15 produced and, upon agreement, shall return the privileged document, together with all

16 copies thereof and any notes made therefrom, within 15 days.  Thereafter, the

17 receiving party shall not use such information for any purpose.

18     19.    Counsel for the receiving party shall make a good-faith effort to ensure

19 compliance with the provisions of this Order.  In the event of new counsel and/or a

20 change in counsel, the parties and/or retiring counsel shall fully instruct new counsel

21 of its responsibilities under this Order.

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 8:16-CV-00546-JLS-E

346983 V1

Case 8:16-cv-00546-JLS-E   Document 33-1   Filed 09/26/16   Page 14 of 15   Page ID #:245

1        20.    The parties hereto stipulate and consent to the issuance of this Order as

2  an Order of this Court.

3

4       **IT IS SO ORDERED.**

5

6  Dated: 9/26/16

7                                        Hon. Charles F. Eick
                                          United States Magistrate Judge

14

346983 V1

## EXHIBIT A
### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____

_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court of the Central District of California on __

_____[date] in the case of *Churee Haley, et al. v. Bayer Healthcare et al.*, Case No. 8:16-cv-00546 JLS (E). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the California Superior Court for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:_____

[printed name]

Signature: _____

15

346983 V1